# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |  |
|---|---|---|
| NASH N. TUTEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-001 |
| | ) | |
| JOHNATHAN HART, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Nash N. Tuten filed this 42 U.S.C. § 1983 case, alleging "breach of Office of Oath," violation of O.C.G.A. § 15-13-2, and "making a false [illegible, perhaps "between"] Indi[c]tment and warrants." *See* doc. 1 at 4. He has moved to proceed *in forma pauperis*. Doc. 4. Although he appears to lack sufficient funds to pay the Court's filing fee, he is precluded from proceeding *in forma pauperis* by 28 U.S.C. § 1915(g)'s "three-strikes" bar. Accordingly, his Motion should be **DENIED**, doc. 4, and his case **DISMISSED**. He has also failed to comply with the Court's Order concerning assignment of this case to a United States Magistrate Judge. *See* doc. 7 (Notice of Deficiency). His

response to the Clerk's Notice indicates that he has abandoned this case. Doc. 8.

Under the Prison Litigation Reform Act (PLRA), an indigent prisoner is barred from proceeding IFP after filing three meritless actions. 28 U.S.C. § 1915(g). The relevant provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* The Court has identified at least three of Tuten's prior cases that count as "strikes" under the PLRA. *See Tuten v. Gause*, 2022 WL 20033238 (11th Cir. Dec. 27, 2022); *Tuten v. Gause*, CV421-250, doc. 37 at 5 (S.D. Ga. Apr. 20, 2022); *Tuten v. Cpt. Seanz*, CV422-090, doc. 10 (S.D. Ga. Nov. 22, 2022); *Tuten v. Jones*, CV422-091, doc. 9 (S.D. Ga. June 28, 2022), *adopted* doc. 10 (S.D. Ga. July 19, 2022).

The Eleventh Circuit has recently explained that when evaluating whether prior dismissals resulted in a strike, courts "look to the prior order that dismissed the action . . . and the reasons the court gave for

dismissing it." *Wells v. Brown*, 58 F.4th 1347, 1358 (11th Cir. 2023). "In other words, we must interpret the prior order of dismissal and figure out what the dismissing court actually did. The dismissing court must give some signal that the action was dismissed because it was [frivolous,] malicious, or failed to state a claim." *Id.* at 1358-59; *see also id.* at 1358 (discussing *Daker v. Comm'r, Ga. Dept. of Corrs.*, 820 F.3d 1278 (11th Cir 2016), establishing the analysis for dismissals on frivolity grounds). Moreover, *Wells* cautions that courts "must interpret the order of dismissal and figure out what the court actually did rather than make a *present-day* determination about what the district court could or should have done." *Id.* at 1360 (quoting *Daker*, 820 F.3d at 1284 (internal quotations omitted)).

Several of Tuten's prior cases clearly count as strikes. First, the Eleventh Circuit expressly dismissed Tuten's appeal based on a finding that it was "frivolous." 2022 WL 20033238, at *2. Second, this Court dismissed his case because the operative pleading "failed to state any claim upon which relief can be granted." CV421-250, doc. 37 at 5.[1]

---

[1] Tuten's complaint was dismissed, in part, because it asserted claims against defendants who were immune. CV421-250, doc. 37 at 3-5. The Eleventh Circuit has not expressly considered the status of immunity-based dismissals for § 1915(g)

Third, this Court dismissed Tuten's claims "for failure to state a claim . . . and because [several defendants] are entitled to various immunities[,]" and "as frivolous." CV422-090, doc. 10 at 2-3, 2 n. 2. Fourth, this Court adopted a recommendation that Tuten's complaint "failed to state a claim upon which relief may be granted," against several defendants, and asserted claims against others who were immune. CV422-091, doc. 9 at 5-8, *adopted* doc. 10. It appears, therefore, that Tuten had at least[2] three strikes when he filed this case.

---

purposes, but the Ninth Circuit recently held that, although "dismissals on immunity grounds are not generally strikes under § 1915(g)[,] . . . there are two exceptions to this rule: (1) where an affirmative defense, such as immunity, may be so clear on the face of the complaint that dismissal may qualify as a strike for failure to state a claim, and (2) where an affirmative defense like immunity is so obvious that the suit is frivolous." *Ray v. Lara*, 31 F.4th 692, 698 (9th Cir. 2022) (internal citations and quotations omitted). That analysis corresponds almost exactly to the Eleventh Circuit's consideration of dismissals for failure to exhaust administrative remedies in *Wells*. *See* 58 F.4th at 1356-57. The dismissal of Tuten's prior case found the prosecutor defendants and State of Georgia were immune based solely on the allegations of the Complaint. *See* CV421-250, doc. 37 at 3-6. The Court concludes, therefore, that the dismissal was, in fact, for failure to state a claim.

[2] The Court also dismissed another of Tuten's complaints for failure to state a claim. *See Tuten v. Belfiore*, CV422-096, doc. 15 (S.D. Ga. July 7, 2022). The disposition of that case was more complicated than those in the cases cited above. The Court found that "the facts alleged do not support any claim upon which relief can be granted," *id.* at 6, for a number of reasons. Tuten's claims seeking to initiate a criminal prosecution were dismissed as "frivolous." *Id.* at 6-8. The Court found the facts alleged were inconsistent with a potential Fourth Amendment excessive force claim. *Id.* at 9-10. Finally, it found that the allegations supporting a Fourth Amendment false arrest claim were "vague and conclusory, at best." *Id.* at 11-12. As an alternative basis to dismiss his false arrest claim, the Court found that the facts alleged established a probable cause basis for his arrest. *Id.* at 12-15. Since the

The PLRA does provide an exception to the "three strikes" provision if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To qualify for the exception, a plaintiff must allege more than a speculative or generalized risk. *See Sutton v. Dist. Atty's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (general assertions of risk are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." (internal quotation omitted)); *see also Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed."). Tuten's Complaint is not particularly clear about the nature of his claims, but it appears to relate to events during a prior arrest and prosecution. *See* doc. 1 at 3-4. To the extent that his claims are discernable at all, there is no indication of any "imminent danger of serious physical injury." *See, e.g., Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A]

---

Court has previously identified more than three cases clearly dismissed as frivolous or for failure to state a claim, it need not determine whether those more complex bases for dismissal provide an additional strike.

prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." (citation omitted)).  There is no basis, therefore, to conclude that Tuten qualifies for the imminent danger exception to the three-strikes bar.

Accordingly, Tuten's request to proceed *in forma pauperis*, doc. 4, should be **DENIED**, and this case **DISMISSED**, pursuant to 28 U.S.C. § 1915(g).  *See, e.g., Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

Tuten's failure to comply with the Court's Order concerning assignment of this case to a United States Magistrate Judge provides an independently sufficient reason to dismiss it.  The District Judge's Order expressly warns that a party "failing to timely file an executed Statement Regarding Assignment of Case to United States Magistrate Judge may face sanctions including but not limited to the striking of the party's claims or defenses."  Doc. 3 at 3.  The Clerk notified Tuten that the form he submitted was not compliant with that Order.  *See* doc. 7 at

1.  Tuten responded with a notation returning forms sent to him by the Clerk that reads: "Don[']t worry about filing now [Clerk of Court]. To [sic] bias and prejudice [drawing of a smiley face] [illegible] I[']m sending back these form: to bias to prejudice [sic]." Doc. 8 at 1.

This Court has the authority to prune cases from its docket where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Tuten's failure to comply with the Court's Order and his apparent express statement of his intent not to prosecute this case provides an independently sufficient reason to dismiss his Complaint.

Accordingly, Tuten's Complaint should be **DISMISSED** for either of the independently sufficient reasons discussed above. Doc. 1. His Motion to Proceed *In Forma Pauperis* should be **DENIED**, pursuant to 28 U.S.C. § 1915(g). Doc. 4. This R&R is submitted to the district judge

7

assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>22nd</u> day of March, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA